In the Matter of the Probate of the Will of JULIA S. C. DECKER, Deceased. ELEANOR V. V. BREWSTER et al., Appellants; ARTHUR W. BROWN et al., Respondents.— Appeal from order and decree in a "Pedigree Proceeding" made by the Surrogate of the County of Schuyler determining the relationship of Arthur W. Brown and Julia May Grant Beach Townsend to testatrix as being that of second cousins, and as such entitling them to contest the will offered for probate. There was ample evidence dehors the proven declarations of testatrix and her deceased sister to establish their memberships in and of the families wherein and whereof their declarations bespoke the kindreds determined. Such declarations and the documentary evidence pertaining to the chain of relationship and identities of various members of the family and forbears of the testatrix and contestants were sufficient to justify the order and decree appealed from. Order and decree affirmed, with costs to each contestant payable out of the estate. All concur.

MARTHA CROSS, as Administratrix of the Estate of PHYLLIS A. CROSS, Deceased, Respondent, v. STIBBS TRANSPORTATION LINES, INC., et al., Appellants.— Appeal by defendants from a verdict for damages. Plaintiff's intestate was struck by the left rear wheel of a trailer truck owned by the corporate defendant and operated by the individual defendant. The defendant company's motor vehicled truck and trailer combination operated by the defendant Burnash upon a State-highway, collided with and fatally injured plaintiff's intestate, an eight-year-old child. Exclusive of its concrete shoulders, the paved portion of the highway was thirty feet wide. The child started to cross the highway from the side opposite the defendant's right of way. There was evidence that she stopped midway the paved portion of the roadway prior to the collision; that the truck passed her by but so closely that some portion of the side of the truck or trailer caught and drew her under the wheels. There was also evidence that the defendant operator did not see the child prior to the collision and gave no special warning of his approach. No other traffic was moving on the highway in the immediate vicinity and there was evidence to uphold a finding that naught else obstructed the operator's view of the girl and roadway for some two hundred feet straight ahead prior to the collision. Upon the question of fact thus presented as to the defendant's negligence and the contributory negligence of the deceased, there was sufficient evidence to uphold the rendered verdict which was not excessive in amount. The judgment and order appealed from should be affirmed. Judgment and order appealed from affirmed, with costs. All concur except Hill, P. J., and Foster, J., who dissent.

JOSEPH P. CAROZZA, Respondent, v. JOHN L. CARPENTER, Appellant, et al., Defendants. MAMIE CAROZZA, Respondent, v. JOHN L. CARPENTER, Appellant, et al., Defendants.— Appeals from judgments in favor of the plaintiffs, who are husband and wife, entered upon the verdicts of a jury after a trial in the Supreme Court, Chemung County. The actions arose out of an automobile accident which happened at the intersection of West Water Street and Foster Avenue in the city of Elmira. The plaintiff Mamie Carozza was a passenger in one of the cars. Both owners were made defendants but the jury returned a verdict of no cause of action in favor of the owner of the car in which the plaintiff was a passenger, and rendered verdicts against the owner of the other vehicle. Aside from one point raised as to the Trial Judge's charge only questions of fact are involved, and there is ample evidence to sustain the verdicts. If any error was committed in the charge it was cured by a subsequent modification. Judgments affirmed, with costs. All concur.